# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:20-cv-378-MOC

| | | |
|---|---|---|
| CHRISTOPHER R. MOONEY, | ) | |
| | ) | |
| **Plaintiff, pro se,** | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ADVANCED BUSINESS EQUIPMENT, | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendant Advanced Business Equipment's

Partial Motion to Dismiss. (Doc. No. 10).

## I.    BACKGROUND

On May 15, 2019, Plaintiff Christopher Mooney filed EEOC Charge No. 430-2019-

01586, alleging race discrimination, color discrimination, and harassment under Title VII of the

Civil Rights Act, 42 U.S.C. § 2000e et seq.  More than a year later, on September 16, 2020, the

EEOC issued a Dismissal and Notice of Rights on the EEOC Charge.  On December 15, 2020,

Plaintiff filed the pro se Complaint which is the subject of this litigation.  In the Complaint,

Plaintiff alleges that he suffered a hostile work environment based on his race and color, and that

he was unlawfully terminated due to his race and color.  (Compl., Doc. No. 1-1, ¶¶ 9, 24).

Plaintiff also alleges that he suffered physical and emotional injury as a result of Defendant's

alleged misconduct, and that Defendant is liable for punitive damages.  (Id. ¶¶ 12, Prayer for

Relief (g)).

In addition to Plaintiff's Title VII claims, the Complaint alleges that Defendant violated

29 C.F.R. § 516.5, a record-keeping regulation promulgated under the Fair Labor Standards Act

(the "FLSA Recordkeeping Claim"). (Id. ¶ 21). The Complaint contains sparse factual allegations related to Plaintiff's FLSA Recordkeeping Claim. In Paragraph 21, Plaintiff alleges: "Defendant then provided additional false, misleading information to an agent of the government by not reporting all of the wages for the plaintiff violating 29 CFR 516.5." (Id.). Both before and after this lone allegation, Plaintiff refers to Parts 2 and 3 of the EEOC Charge. (Id. ¶¶ 19, 22). Part 2 of the EEOC Charge contains no allegations whatsoever related to Plaintiff's wages; instead, Plaintiff avers that Defendant inaccurately stated to the North Carolina Division of Employment Security that Plaintiff was terminated for insubordination. (EEOC Charge, ECF No. 1-2, p. 4.). Similarly, Part 3 of the EEOC Charge lacks any allegations regarding Plaintiff's wages and primarily describes specific discriminatory acts allegedly committed by various employees of Defendant. (Id., pp. 4–5). The remainder of the EEOC Charge also contains no allegations related to Plaintiff's wages or any violation of the FLSA.

On March 23, 2021, Defendant filed the pending motion to dismiss Plaintiff's FLSA Recordkeeping Claim for failure to state a claim for which relief may be granted. On the same date, the Court notified Plaintiff of his right to respond and gave him 14 days to respond. Plaintiff has not responded to the motion to dismiss, and the time to do so has passed. This matter is therefore ripe for disposition.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations

constitute "a short and plain statement of the claim showing the pleader is entitled to relief"

pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss,

factual allegations in the complaint must be sufficient to "raise a right to relief above a

speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint

will survive if it contains "enough facts to state a claim to relief that is plausible on its face."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The

Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp.,

Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court

must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption

of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded

factual allegations are entitled to a presumption of truth, and the court should determine whether

the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III.    DISCUSSION

Plaintiff premises his FLSA claim on 29 C.F.R. § 516.5, which requires that Defendant

preserve certain payroll information for at least three years, including, inter alia, total wages paid

each pay period; date of payment and the pay period covered by a wage payment; and the total

daily or weekly straight-time earnings or wages due for hours worked. 29 C.F.R. §§ 516.5;

516.2. As an initial matter, district courts within several circuits (including the Fourth Circuit)

have found that the FLSA's recordkeeping provision does not create a private right of action.

3

See Helmert v. Butterball, 805 F. Supp. 2d 655, 668 n.15 (E.D. Ark. 2011) ("Even if [Defendant] were in violation of the FLSA's recording requirement for failing to record actual hours worked, the plaintiffs would not be entitled to damages because the FLSA does not provide a private cause of action for violations of the recording requirements."); East v. Bullock's, Inc., 34 F. Supp. 2d 1176, 1182–83 (D. Ariz. 1998) (finding that the FLSA's recordkeeping requirements did not create a private right of action and denying summary judgment for plaintiff even when defendant admitted to violation); Gaughan v. Rubenstein, 261 F. Supp. 3d 390, 425 (S.D.N.Y. 2017) ("Nevertheless, courts have repeatedly found that the FLSA does not authorize employees to bring a private action against an employer for failure to abide by the record-keeping requirements of Section 211(c)."); Buckner v. UPS, 2010 WL 2889586, at *5 (E.D.N.C. Jul. 21, 2010) ("The recordkeeping section of the FLSA does not confer upon private individuals a right to sue under it; only the federal Department of Labor is empowered to enforce that provision."); Stuart v. Resurgens Risk Mgmt., Inc., 2013 WL 2903571, at *15 (N.D. Ga. Jun. 12, 2013) (denying Plaintiff's motion for summary judgment on 29 C.F.R. § 516.5(a) claim and stating that "[t]he Court agrees with Defendants that no private right of action exists under the FLSA for alleged record-keeping violations"). Consistent with these decisions and in the absence of any private right of action under 29 C.F.R. § 516.5, Plaintiff cannot plausibly state a claim for relief and thus his FLSA Recordkeeping Claim will be dismissed on this basis alone.[1]

---

[1] The Court agrees with Defendant that, even assuming that a private right of action exists, which it does not, Plaintiff fails, in any event, to state a plausible claim that Defendant violated 29 C.F.R. § 516.5. The Complaint contains one lone allegation related to the FLSA Recordkeeping Claim: that Defendant provided "false, misleading information to an agent of the government by not reporting all of the wages for the plaintiff." (Compl., Doc. No. 1-1, ¶ 21). Even assuming such an assertion is true, the provision of false or misleading wage information to an unnamed government agent does not constitute a violation of 29 C.F.R. § 516.5, because 29 C.F.R. § 516.5 speaks only to Defendant's preservation of certain wage records; it contains no

4

## IV.    CONCLUSION

Defendant's partial motion to dismiss is granted, and Plaintiff's FLSA Recordkeeping

Claim is hereby dismissed.

**IT IS, THEREFORE, ORDERED** that:

1.  Defendant's Partial Motion to Dismiss, (Doc. No. 10), is **GRANTED**, and Plaintiff's

    FLSA Recordkeeping Claim is **DISMISSED**.  All other claims remain in this action.

Signed: April 20, 2021

Max O. Cogburn Jr.
United States District Judge

---

requirements related to the accurate transmission of those records to any government agent.
Given that Plaintiff fails to allege in any manner whatsoever that Defendant failed to preserve the
wage records required by 29 C.F.R. § 516.5,  Plaintiff's FLSA Recordkeeping Claim fails to state
a plausible violation of 29 C.F.R. § 516.5.