IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00378-MOC-WCM

| | | |
|---|---|---|
| CHRISTOPHER R. MOONEY | ) | |
| | ) | |
| Plaintiff | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| ADVANCED BUSINESS EQUIPMENT, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on a letter from Plaintiff (the "Letter," Doc. 31), which will be construed as a renewed motion to seal.

On December 15, 2020, Plaintiff, proceeding *pro se*, filed his Complaint. Doc. 1. Since that time, the filings in this case have appeared on the public docket.

In October of 2021, a Report of Mediation was filed advising that this matter had completely settled. Docs. 27 & 28.

On November 9, 2021, Plaintiff filed a Motion to Seal (Doc. 29) requesting that the court "seal this file permanently." Doc. 29-1 at 1.

Also on November 9, 2021, a Stipulation of Dismissal with prejudice was filed. Doc. 30. Pursuant to that Stipulation, this action, including the then-pending Motion to Seal, was terminated.

In the Letter, Plaintiff states that the Motion to Seal was filed prior to the Stipulation of Dismissal and asks whether the court will rule on the Motion to Seal. That is, Plaintiff appears to, again, request that this matter be placed under seal.

Requests to seal are considered pursuant to this Court's Local Civil Rule 6.1, which provides that "there is a presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a). Further, requests for sealing must be narrowly tailored, and requests to seal an entire case are disfavored. See Nelson v. Sam's Club, No. 4:10-CV-03020-RBH, 2012 WL 488867, at *1 (D.S.C. Feb. 15, 2012) (request to seal entire case would "infringe too extensively on the public right to access court records"); see also Miller v. Indiana Hosp., 16 F.3d 549, 551 (3d Cir. 1994) ("The party seeking to seal any part of a judicial record bears the heavy burden of showing that 'the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure.' A party who seeks to seal an *entire* record faces an even heavier burden.") (citation omitted, emphasis in the original).

No basis has been offered upon which this matter, which is a routine employment discrimination case, should be sealed.

Accordingly, Plaintiff's Letter (Doc. 31), which is construed as a renewed motion to seal, is **DENIED**.

It is so ordered.

Signed: December 7, 2021

W. Carleton Metcalf
United States Magistrate Judge